UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62213-CV-DIMITROULEAS

JORGE RUIZ ECHENAGUCIA,

Petitioner,

v.

IMMEDIATE CUSTODIAN OF PETITIONER AT THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS MIRAMAR FACILITY, ET.AL.,

Respondents.
_______________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Jorge Ruiz Echenagucia ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [DE 1], filed herein on August 10, 2026. The Court has considered the Petition [DE 1] and the Response [DE 4], filed August 17, 2026, and the Reply [DE 5], filed August 10, 2026 and is otherwise fully advised in the premises.

Petitioner is presently detained under 8 U.S.C. § 1231 as he is subject to a final order of removal. When an alien receives a removal order, the Attorney General has 90 days to remove him from the United States. 8 U.S.C. § 1231(a)(1)(A). The Attorney General must detain the alien "[d]uring" his removal period, and may detain qualifying aliens "beyond" this removal period. 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) does not contain an explicit time limit on detention, the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), read an implicit limitation into the statute "in light of the Constitution's demands" and held than an alien may be detained only for a period of time "reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. *Zadvydas* establishes that 90 additional days is presumptively reasonable under this

subsection, for a total of six months. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, to state a claim under *Zadvydas*, the noncitizen must show post removal order detention in excess of six months, and "also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In this case, Petitioner entered the United States on April 12, 2007 pursuant to a B-2 visitor visa for pleasure, with authorization not to exceed October 11, 2007. [DE 4-1]. On June 2, 2010, he was served with a Notice to Appear charging him with a removability and taken into custody. [DE 4-4]. On July 9, 2010, Petitioner was released on an Order of Supervision. [DE 4-7]. On or about August 31, 2010, an Immigration Judge sustained the charge of removability. [DE 4-6]. On November 14, 2012, Petitioner was ordered removed from the United States but granted withholding of removal to Venezuela. [DE 4-8].

Fourteen years later, on August 3, 2026, Petitioner was encountered by ICE ERO during a vehicle stop and taken into custody. [DE 4-7]. On August 17, 2026, Petitioner was informed his OSUP had been revoked. [DE 4-9]. Petitioner was given an opportunity to ask questions regarding the revocation through an informal interview. To date, the Petitioner remains detained at the Broward Transitional Center. *See* [DE 4-7].

On this record, the Petition is due to be denied. First, Petitioner has not been in detention for an aggregate period of over six months, so the opportunity does not yet arise for Petitioner to make a showing that there is no reasonable likelihood of removal. Petitioner has only been in detention for 45 days total. [DE 4-7]. *Compare Kronfeld v. Warden/Chief Patrol Officer,* No. 26-CV-61387-WPD, 2026 WL 1649978, at *2 (S.D. Fla. June 8, 2026) ("Petitioner has demonstrated that his detention has exceeded six months" where his total time in detention "exceed[ed] 180 days").

Second, Petitioner has not shown that his removal is not reasonably foreseeable. As this Court has stated, "[t]he six-month period is tolled [] if the alien acts to prevent his removal." *Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013); *Lezama Garcia v. Miami Field Office Director*, 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026). Here, Petitioner's refusal to sign his Notice of Revocation of Release [DE 4-9] works to prevent his expeditious removal. Petitioner argues that removal is not reasonably foreseeable due to his withholding of removal to Venezuela, but even if true, Petitioner cannot, at this early juncture, shift the burden to the Government to demonstrate its plans for Petitioner's removal. *Ceron-Lopez v. Nunez*, No. 26-61747-CV, 2026 WL 1894718, at *1 (S.D. Fla. July 1, 2026).

Third, the Government has broad discretion to revoke an Order of Supervision. *See Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *5 (S.D. Fla. Sept. 9, 2025) (holding that § 241.4(l) provides government has "extraordinarily broad discretion to revoke an OSUP" under similar circumstances). And even to the extent the Government violated the regulatory procedures for revoking the Order of Supervision, "in the due process context, an agency's failure to follow its own internal operating procedures does not automatically result in a constitutional violation." *United States v. Fonseca,* No. 22-13152, 2023 WL 7272320, at *2 (11th Cir. Nov. 3, 2023); *see also Tran v. Warden,* No. 2:25-CV-1224, 2026 WL 672969, at *6 (M.D. Fla. Mar. 10, 2026) ("By handing [petitioner] a written notice that identified the agency's decision and sitting him down for an interview to present rebuttal evidence, ICE gave him [fair notice and a meaningful opportunity to be heard]") (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Accordingly, it is **ORDERED AND ADJUDGED** that his Petition [DE 1] is **DENIED**. The Clerk is directed to **MAIL** a copy of this Order to the address below. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 21st day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record